UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIELLE JOYCE,<br><br>　　　　　　　　　　　Plaintiff,<br><br>-against-<br><br>REMARK HOLDINGS, INC. *f/k/a* REMARK MEDIA, INC., BIKINI.COM, LLC, KAI-SHING TAO, *and* SHANNON FOLLANSBEE,<br><br>　　　　　　　　　　　Defendants. | Case No. 1:19-cv-06244<br><br>**STIPULATION AND PROPOSED**<br>**PROTECTIVE ORDER**<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 12/4/2020 |

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for Danielle Joyce ("Plaintiff") or Remark Holdings, Inc., Bikini.com LLC, Kai-Shing Tao, and Shannon Follansbee (collectively the "Defendants" and with Plaintiff, the "Parties) may designate any document or information, in whole or in part, as confidential ("Confidential Information") or for attorneys' eyes only if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a Party as confidential will be stamped "CONFIDENTIAL" and information and documents designed as attorneys' eyes only will be stamped "ATTORNEYS' EYES ONLY" or otherwise designated as confidential in writing.

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a Party challenges another Party's designation of confidentiality or attorneys' eyes only, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

4. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. Counsel for the Parties, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. The Plaintiff or individual Defendants;

   d. Any officer or employees of a Party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

   e. Persons noticed for depositions or designated as trial witnesses, or those whom counsel of record in good faith expect to testify at deposition or trial, only to the extent reasonably necessary in preparing to testify;

   f. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   g. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement, except those referenced to in subparagraphs a, b, c, and g of paragraph 4 of this agreement, to be bound by this Order in the form attached hereto.

6. All documents designated as "ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

    a. Counsel for the Parties, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. The Plaintiff or individual Defendants;

7. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information after disclosure. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.  No person or Party will be deemed to have violated the terms of this Stipulation and Order for any disclosure that occurred prior to the designation of a document as "confidential," or prior to the date hereof, but

must take immediate steps to inform the recipients of information designated as "confidential" and the accompanying restrictions imposed by this Stipulation and Order.

8. Pursuant to Federal Rule of Evidence 502, the inadvertent production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information ("Inadvertently Disclosed Information") shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter. If a claim of inadvertent disclosure is made by a producing party, the receiving party: (a) will, within seven (7) calendar days, return or destroy all copies of the Inadvertently Disclosed Information and certify that all such Inadvertently Disclosed Information has been returned or destroyed; and (b) must take reasonable steps to retrieve the information if the receiving party disclosed it before being notified by the producing party. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures with respect to filing under seal.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no

longer subject to further appeal) returned to the producing Party, including any and all copies, or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED:

Dated: New York, New York
       December 3, 2020

| THE LIDDLE LAW FIRM PLLC | OLSHAN FROME WOLOSKY LLP |
|---|---|
| By: /s/ *Edgar M. Rivera*<br>Edgar M. Rivera<br>1177 Avenue of the Americas<br>5th Floor<br>New York, NY 10036<br>646-452-7212<br>*Attorneys for Plaintiff* | By: /s/ *Amelia Hochman*<br>Michael J. Passarella<br>Amelia Hochman<br>1325 Avenue of the Americas<br>New York, New York 10019<br>(212) 451-2300<br>*Attorneys for Defendants* |

SO ORDERED:

_____
HON. ALISON J. NATHAN, U.S.D.J.

> Nothing in this Order affects the parties' obligation to comply with Rule 4 of the Court's Individual Practices in Civil Cases governing redactions and filing under seal, or with any of the Court's other Individual Practices as relevant. SO ORDERED.

Dated: December 3, 2020

5624510-1

## **AGREEMENT**

     I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

     I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____

Signed in the presence of:

_____
(Attorney)

5624510-1